UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
──────────────────────────────────────────

TRUSTEES OF THE MASON
TENDERS DISTRICT COUNCIL
WELFARE FUND, PENSION FUND,
ANNUITY FUND AND TRAINING
PROGRAM FUND *et al.*,
                Petitioners,

-v-

U.S. TECH CONSTRUCTION CORP.,
                Respondent.

22-CV-4173 (JPO)

ORDER

J. PAUL OETKEN, District Judge:

    Petitioners, various trustees of employee benefit funds ("the Funds") and the Executive Director and Business Manager of the Mason Tenders District Council of Greater New York ("the union"), bring this action against Respondent US Tech Construction Corp. under Section 301(c) of the Labor Management Relations Act to confirm and enforce an arbitration award issued by Arbitrator Joseph Harris on May 21, 2021. For the reasons that follow, Petitioners' motion is granted.

## I.    Background

    Petitioners and Respondent are bound by the DASNY New Building Project Labor Agreement (PLA) with the New York City Building and Construction Trades Council. (Dkt. No. 10 at 4). The PLA requires Respondent to make benefit fund contributions on behalf of employees who perform work on jobsites covered by the PLA. *Id.* Following an audit for the period of December 1, 2018 to March 31, 2020, Petitioners claimed that Respondent had been deficient in making its required contributions. *Id.* They initiated arbitration proceedings on

1

April 9, 2021, seeking $31,250.03 in fringe benefits, dues and PAC contributions, interest, audit costs, liquidated damages, and fees. *Id.*

Arbitrator Joseph A. Harris sent notice to Respondent prior to the arbitration hearing, but Respondent failed to appear. (*Id.* at 8). After reviewing the audit, Arbitrator Harris found in favor of Petitioners.

On May 20, 2022, Petitioners filed a petition to confirm the arbitration award. (Dkt. No. 1). The Court directed Respondent to file a response within thirty days of service of the petition to confirm arbitration, or else the petition would be treated as unopposed. (Dkt. No. 6). Respondent was served on June 3, 2022 at the office of the New York Secretary of State. (Dkt. No. 7). No appearance has been entered on Defendant's behalf and no response to the petition was filed in the allotted time.

## II.   Discussion

Under the Federal Arbitration Act, 9 U.S.C. § 9, a court "must grant" a petition to confirm an arbitration award "unless the award is vacated, modified, or corrected as prescribed in [the Act]." 9 U.S.C. § 9. "[T]he showing required to avoid summary confirmation of an arbitration award is high." *Trustees of the N.Y. City Dist. Council of Carpenters Pension Fund v. Onyx Glass & Metal Corp.*, 2015 WL 5144120, at *3 (S.D.N.Y. Sept. 1, 2015) (Engelmayer, J.) (quoting *Willemijn Houdstermaatschappij, BV v. Standard Microsystems Corp.*, 103 F.3d 9, 12 (2d Cir. 1997)). "The arbitrator's rationale for an award need not be explained, and the award should be confirmed if a ground for the arbitrator's decision can be inferred from the facts of the case." *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006) (internal quotations and citations omitted). Even "a barely colorable justification for the outcome reached" in an arbitration is sufficient for confirmation. *Kolol Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 103-04 (2d Cir. 2013) (quoting *Rich v. Spartis*, 516 F.3d 75, 81

(2d Cir. 2008)).  A court may only deny a petition to confirm an arbitration award on a limited number of grounds, including: "corruption, fraud, or undue means;" "evident partiality or corruption in the arbitrators;" where the arbitrators engaged in specified misconduct; where the arbitrators "exceeded their powers;" or where the arbitrators evinced a "manifest disregard for the law."  9 U.S.C. § 10(a); *see also Jock v. Sterling Jewelers, Inc.*, 646 F.3d 113, 121 (2d Cir. 2011).

When a party has failed to appear and contest the motion to confirm arbitration, "the Court must still 'examin[e] the moving party's submission to determine if it has met its burden.'" *Trustees of the N.Y. City Dist. Council of Carpenters Pension Fund v. Harbor Island Contracting Inc.*, 2015 WL 5146093, at *1 (S.D.N.Y. Aug. 31, 2015) (Nathan, J.) (quoting *D.H. Blair & Co.*, 462 F.3d at 110).  The plaintiff's motion is "evaluated under the legal standard applicable to a motion for summary judgment."  *Onyx Glass*, 2015 WL 5144120, at *3 (citing *D.H. Blair & Co.*, 462 F.3d at 109); *see* Fed. R. Civ. P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.").

Here, there is no evidence of a genuine dispute as to any material fact, and Petitioners are entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  The Trust Agreements and the DASNY PLA permit Petitioners to seek arbitration in the event of US Tech Construction Corp.'s delinquency, and Arbitrator Harris did not exceed his authority.  Arbitrator Harris duly notified all parties in advance of the arbitration hearing and Respondent failed to appear.  Given the record established by the Arbitrator's Award, and the fact that Respondent has presented no evidence of any basis for vacatur, the petition is granted.

### III.     Conclusion

For the foregoing reasons, Petitioners' petition to confirm the Arbitration Award is GRANTED.  The Clerk of Court is directed to enter judgment in favor of Petitioners in the amount of $31,250.03 and to close the case.  Petitioners are directed to mail a copy of this Order to Respondent.

SO ORDERED.

Dated: October 13, 2022
       New York, New York

_____
J. PAUL OETKEN
United States District Judge